# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| BEECH INTERNATIONAL, LLC[1] | : | Case No. 24-14406 (AMC) |
| | : | Hearing Date: TBD |
| | : | Objection Deadline: TBD |
| **Debtor** | : | |

## MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO MAINTAIN EXISTING BANK ACCOUNTS, BUSINESS FORMS AND BOOKS AND RECORDS; AND (II) FOR RELATED RELIEF

Beech International, LLC (the "Debtor"), the Debtor and debtor-in-possession in the above captioned case, hereby moves for entry of an order (i) authorizing the Debtor to maintain its existing Bank Accounts, Business Forms, and Books and Records (as defined below); and (ii) for related relief (the "Motion"). In support of the Motion, the Debtor respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 363, 345, 1107(a) and 1108.

### BACKGROUND

4. On December 10, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtor continues to operate its business and property as a debtor-in-possession in

---

[1] The last four digits of the Debtor's tax identification number are 7019.

accordance with Sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case.

5. The factual background relating to the commencement of this chapter 11 case is set forth in detail in the *Affidavit of Kenneth Scott, CEO of the Debtor in Support of Motions* (the "Affidavit"), to be filed, which is incorporated herein by reference.

6. As set forth more fully in the Affidavit, the Debtor is a Pennsylvania limited liability company, and its sole member is Beech Interplex, Inc., a Pennsylvania nonprofit corporation.

7. The Debtor owns and operates certain real and personal properly located at 1520-38 Cecil B. Moore Avenue, Philadelphia, PA, known as the International Apartments (collectively, the "Facility"), consisting of approximately 106 student housing units and two commercial units. RISE Management ("Rise") serves as property manager and exclusive leasing agent of the Facility for the student housing units.

8. The Debtor's primary source of revenue is monthly lease payments it receives from tenants in the Facility.

9. The Debtor commenced this chapter 11 case in order to obtain a breathing spell while it seeks to maximize value to all of the Company's stakeholders.

**A.     The Prepetition Bank Accounts**

10. As of the Petition Date, the Debtor maintained eleven (11) bank accounts. A chart listing all of the Debtor's bank accounts (the "Bank Accounts") is attached hereto and made a part hereof as **Exhibit A**.

11. The flow of funds among the various Bank Accounts is as follows:

**Operating Account**

12.     The Debtor maintains its operating account at Bank of America ("BOA") (Account No. xxxxxx6233) (the "Operating Account"). The Operating Account is the Debtor's primary bank account. Lease payments from the Facility are deposited into the Operating Account. The Operating Account is used to pay monthly operating expenses, including, but not limited to, utilities, cleaning, maintenance, internet services, property management fees and expenses, vendors, and other expenses related to operating the Facility. On a monthly basis, funds from the Operating Account are remitted to the property manager Rise in an amount sufficient to cover the monthly operating expenses. Rise then pays the monthly operating expenses on behalf of the Debtor.

**General Account**

13.     The Debtor maintains a general account at BOA (Account No. xxxxxx3349) (the "General Account"). The General Account contains, among other things, security deposits from the Debtor's tenants at the Facility and other funds that are not proceeds of rents.

**Trust Accounts**

14.     The Debtor maintains eight (8) trust accounts at UMB Bank, N.A (Account Nos. xxx101.1-xxx101.8) (the "Trust Accounts"). As more fully described in the Affidavit, the Trust Accounts were funded with proceeds from the bonds loaned to the Debtor to acquire, equip, and install the student housing Facility. As of the Petition Date, there is $311,324.29 in the Trust Accounts. Funds in the Trust Accounts are drawn on by UMB to pay its fees as Trustee under the Indenture and certain legal expenses.

**B.**  **Business Forms and Books & Records**

15. In the ordinary course of business, the Debtor uses numerous varieties of business forms. To minimize expenses to its estate and avoid confusion on the part of tenants, customers, and vendors, the Debtor respectfully requests that the Court authorize the Debtor to continue to use all correspondences and other business forms (including, without limitation, checks, purchase orders and invoices (collectively, the "Business Forms") as such forms were in existence immediately before the Petition, with a stamped notation of "Debtor-In-Possession" on all checks, *provided however*, that upon depletion of the Debtor's existing check stock, the Debtor will obtain new check stock reflecting its status as debtor-in-possession.

16. The Debtor also maintains books and records (the "Books & Records") to document, among other things, its revenues and expenses.

**C.**  **The United States Trustee Guidelines and Section 345 Investment Requirements**

17. Pursuant to 28 U.S.C. § 586(a)(3) and the Operating Guidelines and Financial Reporting Requirements Required in All Cases Under Chapter 11 (the "UST Guidelines") established by the Office of the United States Trustee (the "U.S. Trustee"), debtors-in-possession are required to: (a) close all existing bank accounts and open new debtor-in-possession bank accounts; (b) establish one debtor-in-possession account for all estate monies required for payment of taxes including payroll taxes; (c) physically set aside all monies required by law to be withheld from employees or collected from others for taxes; (d) open a new set of books and records as of the commencement date of the case; (e) use new business forms indicating the debtor-in-possession status of the chapter 11 debtor; and (f) make all disbursements of estate funds by check with a notation representing the reason for the disbursement.

18. These requirements are intended to prevent inadvertent payment of pre-petition claims by drawing a clear line of demarcation between pre and post-petition operations.

## RELIEF REQUESTED

19. Pursuant to this Motion, the Debtor seeks entry of an Order authorizing the Debtor to, *inter alia*, maintain its existing Bank Accounts, Business Forms and Books & Records.

## BASIS FOR RELIEF

### A. The Court Should Authorize the Debtor to Continue to Use Existing Bank Accounts and Existing Business Forms

20. The Debtor seeks a waiver of the OUST Guidelines requiring that the Debtor close the Bank Accounts and open new post-petition bank accounts as depositories authorized by the United States Trustee. If strictly enforced in this case, the OUST Guidelines would cause substantial disruption of the Debtor's business activities and would impair the Debtor's ability to operate during the pendency of this Chapter 11 proceeding. The Debtor's ability to maintain and use the existing Bank Accounts will significantly facilitate the Debtor's operations in the Chapter 11 case. Maintaining the Debtor's existing Bank Accounts will facilitate the receipt of lease payments from tenants that are electronically deposited into the Operating Account. Thus, the Debtor should be permitted to continue to maintain the existing Bank Accounts and, if necessary, to open new debtor-in-possession accounts.

21. Courts in the Third Circuit have waived the strict enforcement of bank account closing requirements and replaced them with alternative procedures that provide the same protection. Courts in the Third Circuit have recognized that, in Chapter 11 cases, strict enforcement of the requirement that a debtor-in-possession close its bank accounts does not serve to further the process and purposes of Chapter 11. Accordingly, Courts in the Third Circuit have waived this requirement and replaced it with more effective procedures similar to those requested by this

5

Motion. See, e.g., In re Philadelphia Newspapers, LLC, Case No. 09-11204 (SR) (Bankr. E.D. Pa. Feb. 22, 2009); In re Hyman Companies, Inc., Case No. 09-20523 (REF) (Bankr. E.D. Pa. Mar. 3, 2009); In re Dura Automotive Systems, Inc., Case No. 0611202 (KJC) (Bankr. D. Del. Nov. 21, 2006); In re Sea Containers Ltd., Case No. 06-11156 (KJC) (Bankr. D. Del. Nov. 9,2006); In re Radnor Holdings Corp., Case No. 06-10894 (PJW) (Bankr. D. Del. Aug. 23, 2006); and Meridian Automotive Systems - Composites Operations, Inc., Case No. 05-11168 (MFW) (Bankr. D. Del. Apr. 27, 2005). Similar authorization is appropriate in this Chapter 11 case.

22. Additionally, by virtue of the nature and scope of the Debtor's business operations, requiring the Debtor to use new business forms will increase the Debtor's costs, as well as create delays in the Debtor's operation which it can ill afford to experience. To minimize expenses and disruption and delay to the estate, the Debtor requests authority to continue to use all correspondence and Business Forms (including, but not limited to, checks, letterhead, purchase orders and invoices) as such forms were in existence immediately prior to the Petition Date, *provided however*, that the current checks shall be stamped with the designation "Debtor-in-Possession." The Debtor will order new checks with a "Debtor-in-Possession" designation once existing check stocks are depleted. The Debtor submits that these efforts are prudent and sufficient to protect the interests of parties dealing with the Debtor on a post-petition basis, while avoiding unnecessary expenses and administrative delays at this critical time.

23. Section 363(c)(1) of the Bankruptcy Code authorizes a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). "The framework of section 363 is designed to allow a trustee (or debtor in possession) the flexibility to engage in ordinary transactions without unnecessary creditor and bankruptcy court oversight, while protecting creditors by giving them an opportunity to be heard when

6

transactions are not ordinary." In re Roth Am., Inc., 975 F.2d 949, 952 (3d Cir. 1992). Included within the purview of section 363(c) is a debtor's ability to continue the "routine transactions" necessitated by a debtor's cash management system. In re Amdura Corp., 75 F.3d 1447, 1453 (10th Cir. 1996).

24. In addition, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

**B.     The Court Should Waive the Debtor's Compliance with the UST Guidelines**

25. The Debtor requests that the Court waive its compliance with the UST Guidelines. The UST Guidelines are impractical, costly, and may threaten a debtor's post-petition operations. For these reasons, Courts often waive compliance with the UST Guidelines. See, e.g., In re KidsPeace Corporation, No. 13-14508 (REF) (Bankr. E.D.Pa. May 23, 2013 ); In re Lower Bucks Hospital, Case No. 10-10239 (ELF) (Bankr. E.D. Pa. January 15, 2010); In re Philadelphia Newspapers, LLC, No. 09-11204 (JFK) (Bankr. E.D. Pa. Feb. 24, 2009); In re Wickes Holdings, LLC, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008); In re Delta Fin. Corp., Case No. 07-11880 (CSS) (Bankr. D. Del. Dec. 19, 2007); In re Pope & Talbot, Inc., Case No. 07-11738 (CSS) (Bankr. D. Del. Nov. 21, 2007); In re Tweeter Home Entm't Group, Inc., Case No. 0710787 (PJW) (Bankr. D. Del. June 13, 2007).

**C.     The Court Should Authorize the Debtor to Continue Using Debit, Wire and Automatic Clearing House Payments**

26. The Debtor requests that the Court grant further relief from the UST Guidelines to the extent they require the Debtor to make all disbursements by check. In particular, the UST Guidelines require that all receipts and all disbursements of estate funds be made by check with a notation representing the reason for the disbursement.

27. In the ordinary course of business, the Debtor conducts some transactions by debit wire or ACH payments and other similar methods. Denying the Debtor the opportunity to conduct transactions by debit, wire, ACH payment or other similar methods would unnecessarily disrupt the Debtor's business operations, as well as create additional costs and burdens to the Debtor.

**D. Cause Exists to Authorize and Direct Debtor's Financial Institutions to Honor Checks and Electronic Fund Transfers**

28. Finally, this Court should authorize Debtor's financial institutions associated with the Bank Accounts in the ordinary course of business to debit the applicable Bank Account for: (a) all checks or other items deposited in one of the Bank Accounts prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent that the Debtor would have been responsible for such items but for the filing of its petition for relief; and (b) all undisputed prepetition amounts outstanding as of the Petition Date, if any, owed to the banks as service charges for the maintenance of the Bank Accounts.

**E. The Requirements of Bankruptcy Rule 6003 Have Been Satisfied**

29. Based on the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interests of its estate and all other interested parties and should be granted in all respects. The Debtor further submits that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, as set forth herein, Bankruptcy Rule 6003 has been satisfied.

**NOTICE**

30. This Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel for UMB Bank, N.A.; (iii) UMB Bank, N.A.; (iv) PIDC Local Development Corporation; (v) the Commonwealth of Pennsylvania Department of Revenue; (vi) all local taxing authorities;

(vii) the Internal Revenue Service;; (viii) the banking institution at which the Debtor's Bank Account is held; (ix) Temple University; (x) any party requesting notice pursuant to Bankruptcy Rule 2002; and (xi) all creditors of the Debtor. The Debtor submits that no other or further notice need be provided.

## EXPEDITED RELIEF

31. Due to the exigent circumstances of this case, the Debtor has filed contemporaneously herewith a motion requesting the Court enter an order scheduling an expedited hearing and shortening time (the "Motion to Expedite") on the relief requested herein with a hearing on the Motion **on or before December 18, 2024**, or that the Court schedule a hearing on the Motion at its earliest convenience.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an Order granting the Motion, substantially in the form attached hereto: (i) authorizing the Debtor to maintain its existing Bank Accounts, Business Forms and Books & Records; and (ii) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: December 11, 2024            **STEVENS & LEE, P.C.**

/s/ Robert Lapowsky
Robert Lapowsky
Jason C. Manfrey
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
Telephone (215) 751-2866
Facsimile (610) 371-7958
Robert.lapowsky@stevenslee.com
Jason.manfrey@stevenslee.com

*Proposed Counsel to the Debtor*

9