## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| BEECH INTERNATIONAL, LLC[1] | : | Case No. 24-14406-AMC |
| | : | |
| | : | Related D.I. 6 |
| Debtor | : | |

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE TO THE DEBTOR, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Upon the Motion[2] of Beech International, LLC (the "Debtor"), the Debtor and debtor-in-possession in the above captioned case, for an interim and final order pursuant to 11 U.S.C. §§ 105(a) and 366(b), Fed. R. Bankr. P. 6004, (i) prohibiting utility companies from altering, refusing or discontinuing service to the Debtor, (ii) deeming utility companies adequately assured of future payment and (iii) establishing procedures for determining requests for additional adequate assurance (the "Motion"), all as more fully set forth in the Motion; and upon consideration of the *Affidavit of Kenneth Scott, CEO of the Debtor in Support of Motions*; and it appearing that the Court has jurisdiction over this matter; and it appearing that due notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

It is hereby ORDERED that:

---

[1] The last four digits of the Debtor's tax identification number are 7019.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the accompanying Motion.

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Procedures are APPROVED as set forth herein.

3.      All objections or responses to the Motion that have not been withdrawn are hereby overruled on their merits.

4.      The Debtor is authorized to pay on a timely basis in accordance with its prepetition practices all undisputed invoices for postpetition Utility Services provided by the Utility Companies to the Debtor.

5.      Except as otherwise provided herein, the Debtor shall, within fifteen (15) days from the entry of this Order, pay a Proposed Utility Deposit to each of the Utility Companies equal to 50% of the Debtor's estimated cost of monthly utility consumption for each such Utility Company for the purpose of providing such Utility Companies with adequate assurance of payment for their postpetition services to the Debtor. With respect to the Philadelphia Water Department, the Debtor shall pay a Proposed Utility Deposit upon request from the Philadelphia Water Department.

6.      The Debtor shall not be required to pay a Proposed Utility Deposit to any Utility Company that, as of the Petition Date, held a deposit greater than 50% of the Debtor's estimated cost of monthly utility consumption for such Utility Company, after taking into account the amount of prepetition debt that may be recovered or set off against such prepetition deposit pursuant to section 366(c)(4) of the Bankruptcy Code.

7.      Absent any further Order of this Court, the Utility Companies are prohibited from discontinuing, altering, or refusing service on account of any unpaid prepetition charges, or any alleged inadequacy of the Proposed Utility Company.

8.      If a Utility Company believes that the applicable Proposed Utility Deposit is inadequate, the Utility Company must serve a written request (the "Request") upon counsel to the

Debtor (as set forth below) stating the location(s) for which Utility Services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of the Debtor's payment history on each account, and an explanation of why the applicable Proposed Utility Deposit is inadequate assurance of payment.

9.      A Request may be made at any time.  The Request must be delivered to Debtor's counsel, Stevens & Lee P.C., 620 Freedom Business Center, Suite 200, King of Prussia, PA 19406, Attn: Robert Lapowsky, Esq., so as to be actually received within forty-five (45) days of service on the applicable Utility Company of the Utilities Order (the "Request Deadline").

10.      Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Request, if the Debtor, in its discretion, determines that such Request is reasonable, reasonable, *provided*, *however*, that the Debtor shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to the creditor committee (if any) and the United States Trustee, upon request.

11.      If the Debtor determines that a Request is unreasonable and is not able to reach an alternative resolution with the Utility Company filing such Request within thirty (30) days after receipt by the Debtor of the applicable Request, the Debtor will request a hearing before the Court on notice to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") as such term is used in section 366(c)(3) of the Bankruptcy Code.

12.      Pending resolution of any such Determination Hearing and entry of a Court order, the Utility Company that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtor nor recover or setoff against a prepetition deposit.

3

13.     Any Utility Company that fails to make a Request shall be deemed to be satisfied that the Proposed Utility Deposit provides adequate assurance of payment to the extent required by Section 366 of the Bankruptcy Code.

14.     To the extent that any Utility Companies have been inadvertently omitted from the list of Utility Companies set forth on **Exhibit A** to the Motion, the Debtor is authorized to supplement the list without further Order of the Court. If the Debtor supplements the list of Utility Companies, the Debtor will serve a copy of the Motion and this Order on any Utility Company that is added to the list by such a supplement (the "Supplemental Service") and promptly provide each added Utility Company with a Utility Deposit.  Concurrently with the Supplemental Service, the Debtor will file with the Court a supplement to **Exhibit A** to the Motion adding the name of the Utility Company so served, and the added Utility Company shall have thirty (30) days from the date of the Supplemental Service to make a Request.

15.     The Debtor may terminate the services of any Utility Company by providing written notice. In the event that the Debtor terminates the services of any Utility Company, such Utility Company must immediately refund, without exercising any purported right of setoff or recoupment, the entire amount of its Utility Deposit to the Debtor.

16.     Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by sections 362 and 365 of the Bankruptcy Code or applicable law.

17.     Nothing in this Order or the Motion shall be deemed to constitute an assumption of any executory contract under section 365 of the Bankruptcy Code.

18.     Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtor is not subject

to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Debtor is authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

19.    A final hearing to consider the Motion is scheduled for **Jan. 13, 2025 at 3 p..m**. before the undersigned United States Bankruptcy Judge by phone. Any objections to the relief requested must be filed with the Clerk of the Bankruptcy Court and served upon the Debtor's counsel, the Office of the United States Trustee, counsel for the Debtor's secured creditors, and any counsel to any statutory committee(s) appointed in this case, so as to actually be received on or before Jan. 8, 2025 at 5 p.m.

20.    The Debtor shall serve a copy of this Order by United States mail, first class postage prepaid, upon (i) the Office of the United States Trustee; (ii) counsel for UMB Bank, N.A.; (iii) UMB Bank, N.A.; (iv) PIDC Local Development Corporation; (v) the Commonwealth of Pennsylvania Department of Revenue; (vi) all local taxing authorities; (vii) the Internal Revenue Service;  (viii) the Utility Companies; (ix) Temple University; (x) any party requesting notice pursuant to Bankruptcy Rule 2002; and (xi) all creditors of the Debtor, within three (3) business days from the entry of this Order.

21.    This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

BY THE COURT

Dated: Dec. 17, 2024

_____
ASHELY M. CHAN
CHIEF UNITED STATES BANKRUPTCY JUDGE