## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| BEECH INTERNATIONAL, LLC[1] | : | Case No. 24-14406 (AMC) |
| | : | |
| | : | Related D.I. 8 & 36 |
| Debtor | : | |

### FINAL ORDER (I) AUTHORIZING THE DEBTOR TO MAINTAIN EXISTING BANK ACCOUNTS, BUSINESS FORMS AND BOOKS AND RECORDS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Beech International, LLC (the "Debtor"), the Debtor and debtor-in-possession in the above captioned case, for entry of a Final Order (i) authorizing the Debtor to maintain its existing Bank Accounts, Business Forms, and Books and Records; and (ii) for related relief; and the Court having considered the Motion and the *Affidavit of Kenneth Scott, CEO of the Debtor in Support of Motions* (the "Affidavit"), it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor,

It is hereby ORDERED that:

1. The Motion is GRANTED on a final basis as set forth herein.

---

[1] The last four digits of the Debtor's tax identification number are 7019.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the accompanying Motion.

2. The Debtor is authorized to: (a) maintain and continue use of its existing bank accounts, including but not limited to the Bank Accounts listed on **Exhibit A** to the Motion, in the names and with the account numbers existing as of the Petition Date; (b) deposit and withdraw funds from the Bank Accounts by all usual means, including, without limitation, checks, wire transfers, automated transfers and other debits; and (c) treat the prepetition Bank Accounts as debtor-in-possession accounts for all purposes.

3. The Debtor is authorized to continue using their Business Forms and Books & Records as described in the Motion, without reference to their status as debtors-in-possession.

4. The Debtor is authorized to use its existing Business Form stock, including checks, rather than obtain new stock reflecting the status debtor-in-possession and listing the Chapter 11 case number under which the case is being administered, except that all checks are to be stamped with the designation "Debtor-in-Possession (Case No. 24-14406)." Once the existing check stock is depleted, new check stock shall bear the designation "Debtor-in-Possession (Case No. 24-14406)."

5. As soon as practicable after entry of this Order, the Debtor shall serve a copy of this Order on the financial institutions at which the Bank Accounts are maintained.

6. For the financial institutions at which the Debtor holds Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, as soon as practicable after entry of this Final Order, the Debtor shall (a) contact such bank, (b) provide such bank with the Debtor's employer identification numbers, and (c) identify each of their Bank Accounts held at such bank as being held by a debtor in possession in the Debtor's chapter 11 case.

7. For the financial institutions at which the Debtor holds Bank Accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtor shall use its good-faith

2

efforts to cause the financial institution to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within fourteen (14) days of the date of this Final Order.  The U.S. Trustee's rights to seek further relief from this Court in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

8. Unless otherwise ordered by this Court, no bank shall honor or pay any checks drawn on the Bank Accounts or otherwise issued or dated prior to the Petition Date.

9. Except as otherwise provided in this Final Order, the financial institutions at which the Bank Accounts are maintained are authorized and directed to continue to administer the Bank Accounts as debtor-in-possession accounts, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

10. All financial institutions at which the Bank Accounts are maintained are authorized to debit the Bank Accounts in the ordinary course of business on account of: (a) all checks or other items deposited prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the extent would have been responsible for such items but for the filing of its petition for relief; and (b) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the banks as service charges for the maintenance of the Bank Accounts.

11. The Debtor is authorized, in its sole discretion, to open any new bank accounts or close any existing Bank Accounts as they deem necessary and appropriate, *provided* that the Debtor shall only open any such new bank accounts at banks that have executed a Uniform

Depository Agreement with the U.S. Trustee. The Debtor shall provide written notice within seven (7) days to the U.S. Trustee and official committee (if any) of the opening of such account or closing of any Bank Account and such opening or closing shall be timely indicated on the Debtor's monthly operating reports.

12. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

13. The Debtor is authorized to reimburse the banks for any claims arising before or after the Petition Date in connection with customer checks deposited with the banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts.

14. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

15. The terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

16. The Debtor shall serve a copy of this Final Order by United States mail, first class postage prepaid, upon (i) the Office of the United States Trustee; (ii) counsel for UMB Bank, N.A.; (iii) UMB Bank, N.A.; (iv) PIDC Local Development Corporation; (v) the Commonwealth of Pennsylvania Department of Revenue; (vi) all local taxing authorities; (vii) the Internal Revenue Service;; (viii) the banking institution at which the Debtor's Bank Account is held; (ix) Temple University; (x) any party requesting notice pursuant to Bankruptcy Rule 2002; and (xi) all creditors of the Debtor, within three (3) business days from the entry of this Final Order.

01/28/2025 SL1 2614768v2 120136.00001

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

18. Notwithstanding anything to the contrary set forth herein, with respect to all accounts currently held by UMB Bank, N.A. that may appear on **Exhibit A** to the Motion, UMB asserts that all funds held by UMB pursuant to the Trust Indenture dated as of September 1, 2010, by and between the Pennsylvania Authority for Industrial Development and UMB, as successor trustee (the "Indenture"), are held and maintained in trust by UMB for the benefit of bondholders and, thus, those funds are not property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541. The Debtor disputes the UMB assertion and asserts that such funds are property of the Debtor's bankruptcy estate. To the extent any provision in this Order is inconsistent with UMB's position as set forth herein, such provision shall not be enforceable absent further order of this Court and UMB and the Debtor reserve all of its rights with respect thereto.

Dated: Jan. 30, 2025

BY THE COURT

_____
ASHELY M. CHAN
CHIEF UNITED STATES BANKRUPTCY JUDGE

5